IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| William Keglar, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| General Revenue Corporation, an Ohio corporation, | ) 1:12-cv-0211 WTL-MJD |
| | ) |
| Defendant. | ) Jury Demanded |

## COMPLAINT

Plaintiff, William Keglar, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, William Keglar ("Keglar"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Indiana Tech.

4. Defendant, General Revenue Corporation ("GRC"), is an Ohio corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant GRC operates a nationwide debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant GRC was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5. Mr. Keglar fell behind on paying his bills, which ultimately caused him to file bankruptcy on July 21, 2011, in a matter styled In re: Keglar, No. 11-9242-JKC-7 (S.D. Bankr. Ind.). On November 15, 2011, the bankruptcy court granted Mr. Keglar a discharge of his obligations for his debts. Accordingly, when Defendant GRC began trying to collect an old debt he allegedly owed to Indiana Tech for various fees, he sought the assistance of his bankruptcy counsel.

6. On December 2, 2011, Mr. Keglar's attorney informed GRC, via telephone and in writing, that Mr. Keglar was represented by counsel, that Mr. Keglar had been discharged from his debt obligations by the bankruptcy court and directed GRC to cease contacting him and to cease all further collection activities.

7. Nonetheless, despite being advised that Mr. Keglar was represented by counsel and that he no longer owed the debt, Defendant GRC continued to try and collect that debt from Mr. Keglar. This forced Mr. Keglar to sue Defendant GRC on January 6, 2012, in a matter styled Keglar v. General Revenue Corporation, No. 1:12-cv-0019-TWP-DML (S.D. Ind.). This first lawsuit was settled as of February 1, 2012.

8. Undeterred and unbelievably, Defendant GRC sent Mr. Keglar a collection letter, dated February 6, 2012, in which it continued to demand payment of the discharged Indiana Tech debt. A copy of this collection letter is attached as Exhibit A.

9. This letter greatly alarmed Mr. Keglar because, despite the fact that he was represented by counsel, and the first lawsuit, GRC simply would not stop its illegal collection actions.

10. Defendant GRC's collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant GRC's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

14. Here, the phone calls and fax/letter from Mr. Keglar's attorney, and the prior lawsuit, told Defendant GRC to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendant GRC violated § 1692c(c) of the FDCPA.

15. Defendant GRC's violation of § 1692c(c) of the FDCPA renders it liable for

actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

18. Defendant GRC knew that Mr. Keglar was represented by counsel in connection with his debts because his attorneys had informed Defendant, on the phone and in writing, and via his prior lawsuit, that he was represented by counsel, and had directed Defendant GRC to cease directly communicating with him. By directly sending Mr. Keglar the collection letter (Exhibit A), despite being advised that he was represented by counsel, Defendant GRC violated § 1692c(a)(2) of the FDCPA.

19. Defendant GRC's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violations Of § 1692e Of The FDCPA --
### False Collection Actions

20. Plaintiff adopts and realleges ¶¶ 1-11.

21. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the

collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

22. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

23. Defendant GRC 's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT IV
### Violations Of § 1692f Of The FDCPA --
### Use of Unfair or Unconscionable Collection Means

24. Plaintiff adopts and realleges ¶¶ 1-11.

25. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f(1).

26. Defendant GRC's repeated, illegal collection actions are an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

27. Defendant GRC's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, William Keglar, prays that this Court:

1. Find that Defendant GRC's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Keglar, and against Defendant GRC, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, William Keglar, demands trial by jury.

William Keglar,

By: _____
One of Plaintiff's Attorneys

Dated: February 17, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706 6763 (FAX)
shalbertlaw@aol.com